OPINION
On September 9, 1999, the parties entered into an agreement, wherein appellant Kenneth Pleger, Jr., was to make improvements to a residence owned by appellees Jeff and Debbie Bush. The improvements included replacing windows, replacing sliding glass doors, re-siding of the residence, and installing new spouting. The parties agreed that the materials were to be "top of the line," and appellant agreed the installation would either be completed by him, by workmen under his supervision, or by men whom he had personally trained. Appellant was to be paid $9900 when the contract was signed, $9900 when construction began, and $9900 upon completion. Appellees paid the first two installments to appellant in a timely manner, but did not make the final payment to appellant.
On September 27, 1999, appellant delivered some windows and materials to appellees' home, and dropped off an employee named Brian Pendergast to begin installing the windows. Appellant did not stay on the job, but merely dropped off Brian, who could not drive due to problems with alcohol. Appellee Debbie Bush noticed on more than one occasion that Pendergast had an odor of alcohol about him when he arrived at the home. Pendergast worked by himself at the residence from September 27 until October 1.
On September 29, 1999, appellees realized someone had stolen two 1913 series Jack Daniels collectors' bottles of whiskey from their home. On October 1, appellee Debbie Bush looked into Pendergast's work bucket, and discovered the labels from her Jack Daniels collection. Appellees explained to appellant that his employee was a thief and they did not want him in their home. Appellant apologized, and indicated that he would fire Pendergast. He also indicated that he would personally finish the installation.
No work proceeded on the job from October 1, until October 15. Appellant indicated to appellees that he was ill, or did not appear for other reasons, such as working on other jobs. On October 15, appellant brought a new siding crew to the site, and appellees determined that the new crew was not trained by appellant, and appellant was not going to participate in the installation. The installation began on October 17, with the siding project being turned over to a sub-contractor named Rodney Mayle.
On October 17, appellant returned to the site with Pendergast, who had not been fired. Appellant indicated to appellees that he could not complete the installation of the windows without Pendergast, and that if allowed to return to the site, appellant would personally stay with him at all times to prevent further theft. The next day, appellant left Pendergast alone on the job site for the entire day. On October 19, Pendergast was again left on the site all day without supervision by appellant.
On October 20, appellees contacted their attorney for advice as to the proper handling of the contract. On October 21, appellant called indicating that he could not be on the job because he had been involved in a fight with Pendergast, who had broken the window out of his truck. Appellees indicated to appellant that they did not wish for him to complete the project, that he had breached his contract with them, and that they were willing to settle with him for the work which he had already completed. The parties were unable to reach an agreement, and appellant removed from the job site items of siding which had been purchased and paid for from appellees' funds.
Appellees then hired Mayle as a sub-contractor to finish the siding, and make adjustments to the windows so they could be opened and closed.
Appellant brought the instant action for breach of contract, seeking payment of the remainder of the money due him under the agreement with appellees. Appellees counterclaimed, alleging that appellant breached the agreement by performing the work in an unworkmanlike manner, and installing windows and doors which were not "top of the line" quality.
The case proceeded to bench trial in the Fairfield County Municipal Court. The court determined that the evidence established that appellees terminated the contract with appellant for good cause, as appellant breached his contract by failing to supervise the installation of windows on the site as agreed, failing to provide a crew for the installation of the siding whom he had personally trained, placing an employee who was stealing from appellees' home on the site after the parties agreed otherwise, and not providing the quality of materials agreed upon. The court concluded that appellant was not entitled to recover his remaining balance of $9900 on the contract. The court awarded appellees damages in the amount of $4,248.79, plus $400 for attorney fees for appellant's failure to comply with a discovery request in a timely manner. Appellant assigns a single error on appeal:
ASSIGNMENT OF ERROR
 THE LOWER COURT ERRED BY GRANTING JUDGMENT IN FAVOR OF DEFENDANTS.
Appellant argues that the court erred in granting judgment in favor of appellees, as there was a binding agreement between the parties, which was breached by appellees. However, appellant has not provided this court with a transcript of the proceedings. Where portions of the record necessary for resolution of the assignments of error are not provided, the reviewing court must presume regularity in the proceedings below and affirm. Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197. The findings of fact of the trial court support the conclusions of law and the ultimate judgment in the instant case. In the absence of a transcript, we cannot disturb these findings of fact and conclusions of law.
The assignment of error is overruled.
The judgment of the Fairfield County Municipal Court is affirmed.
By GWIN, J., HOFFMAN, P.J., and BOGGINS, J., concur
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Fairfield County Municipal Court is affirmed. Costs to appellant.